UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **REGINALD H. CULVER, INDIVIDUALLY AND REGINALD H. CULVER, ACTING AS TRUSTEE FOR THE CULVER REVOCABLE TRUST,** <br><br> AND <br><br> **THE CULVER REVOCABLE TRUST.** <br><br>      Petitioners-Plaintiffs, <br><br>           *vs.* <br><br> **LITHIA MOTORS INC. AND ITS WHOLLY OWNED SUBSIDIARY LITHIA REAL ESTATE, INC. AND BOTH OREGON CORPORATIONS DOING BUSINESS IN NEW MEXICO** <br><br> AND <br><br> **CHRIS CHAMBERLAIN AND COLDWELL BANKER COMMERCIAL N. W., AN ORGEON COMPANY NOT LICENSED TO DO BUSINESS IN NEW MEXICO.** <br><br>      Respondents-Defendants; <br><br> AND <br><br> **'John Does' 1 thru 99.** <br><br> About and concerning <br><br> **REAL PROPERTY COMMONLY KNOWN AS 7401 CERRILLOS ROAD, SANTA FE, NEW MEXICO 87507** <br><br> **v.** <br><br> **REGINALD H. CULVER, AS TRUSTEE OF THE CULVER REVOCABLE TRUST; FRANK CULVER, SUCCESSOR TRUSTEE OF THE CULVER REVOCABLE TRUST,** <br><br>      Counterdefendants/Third Party Defendants; | **NO. 1:15-CV-00669-MCA-SCY** |

**ANSWER OF REGINALD H. CULVER, AS (FORMER) TRUSTEE OF THE CULVER REVOCABLE TRUST, AND FRANK CULVER, TRUSTEE, CULVER REVOCABLE TRUST TO COUNTERCLAIMS BY CHRIS CHAMBERLAIN**

COMES NOW Reginald H. Culver, former Trustee of the Culver Revocable Trust, and Frank Culver, Successor Trustee of the Culver Revocable Trust, by and through its counsel of record, The Frith Firm, Gilbert H. Frith, Esq. and Trace L. Rabern, Esq., and respectfully Answer the Counterclaims of Chris Chamberlain and Coldwell Banker as follows:

1. Paragraphs 1 through 59 state no claim or allegation and therefore do require an answer, but the Petitioner-Plaintiff denies all allegation(s) contained therein unless otherwise specifically admitted.

2. Paragraphs 60, 63, 65, 72, 79, 83 and 86, do not state a claim or allegation against the Petitioner-Plaintiff and therefore do not requite an answer, but the Petitioner-Plaintiff denies all allegation(s) contained therein unless otherwise specifically admitted.

**PETITIONER-PLAINTIFF ANSWER TO DEFENDANT CHAMBERLAIN'S COUNTER-CLAIM FOR BREACH OF CONTRACT**

3. Petitioner-Plaintiff admits paragraph 1 of the Counterclaim.

4. Petitioner-Plaintiff admits in part and denies in paragraph 2 of the Counterclaim, Reginald H. Culver served as a co-trustee with his wife Wreatha J. Culver deceased and thereafter has served as the sole surviving co-trustee.

5. Petitioner-Plaintiff admits the allegations in paragraph 3 of the Counterclaim.

6. Petitioner-Plaintiff admits the allegations in paragraph 4 of the Counterclaim.

7. Petitioner-Plaintiff admits in part and denies in part the allegations set forth in paragraph 5 of the Counterclaim because the facts and circumstances of the lawsuit and the parties may materially change thereby changing legal and factual basis for this Court's jurisdiction and venue.

8. Petitioner-Plaintiff lacks sufficient information to admit or deny the allegations of paragraph 6 and therefore denies the same.

9. Petitioner-Plaintiff lacks sufficient information to admit or deny the allegations of paragraph 7 and therefore denies the same.

10. Petitioner-Plaintiff lacks sufficient information to admit or deny the allegations of paragraph 8 and therefore denies the same.

11. Petitioner-Plaintiff lacks sufficient information to admit or deny the allegations of paragraph 9 and therefore denies the same.

12. Petitioner-Plaintiff states that the General Addendum 1 can be read for its plain meaning but specifically denies the assertions of paragraph 10 taken from the document and stated as claims or allegations by Defendant Chamberlain.

13. Petitioner-Plaintiff denies paragraph 11.

14. Petitioner-Plaintiff denies paragraph 12.

15. Petitioner-Plaintiff lacks sufficient information to admit or deny the allegations of paragraph 13 and therefore denies the same.

16. Petitioner-Plaintiff denies paragraph 14.

17. Petitioner-Plaintiff lacks sufficient information to admit or deny the allegations of paragraph 15 and therefore denies the same.

**AFFIRMATIVE DEFENSES**

1. Defendant Chamberlain's Counterclaim fails to state a claim upon which relief may be granted.

2. Defendant Chamberlain's own conduct proximately caused his own alleged damages.

3. Defendant Chamberlain's proposed enforcement of the alleged contracts is barred because it is unconscionable.

5. Defendant Chamberlain's proposed enforcement of alleged contracts is barred because it is an attempt to enforce an unenforceable contract(s).

6. There was no necessary meeting of the minds between Defendant Chamberlain and the Petitioner-Plaintiff to support the enforcement of the alleged contract(s).

7. The alleged contract(s) were executed as a result of mistake or mutual mistake by the Petitioner-Plaintiff and Defendant Chamberlain and therefore are unenforceable.

8. The alleged contracts were procured by implicit and/or explicit fraud in the inducement by Defendant Chamberlain and therefore are unenforceable.

9. The alleged contracts procured by Defendant Chamberlain's were the result of implicit and/or explicit fraud in the inducement and/or in their execution and therefore are unenforceable.

10. The alleged contracts were procured by Defendant Chamberlain's when the Petitioner-Plaintiff was under duress and are therefore are unenforceable.

11. Defendant Chamberlain's claim are estopped due his willful and deliberate breach of his contractual and fiduciary duties towards the Petitioner-Plaintiff.

12. Defendant Chamberlain had an affirmative contractual and fiduciary duty of complete honesty, transparency and candor towards the Petitioner-Plaintiff that he breached and therefore his Counterclaim is barred by unclean hands.

13. The Petitioner-Plaintiff was under undue influence at the time of the contract(s) and the contract(s) were procured by under undue influence and therefore are unenforceable.

14. There was and is a failure of consideration to support the execution of each and all the contract(s) and therefore the contract(s) are unenforceable.

15. Defendant Chamberlain has other adequate remedy(ies) at law that he has failed to plead or pursue.

16. The Defendant Chamberlain's has failed to mitigate his alleged damages, if any.

17. Enforcement of the alleged contract(s) would result in a result that is contrary to public policy.

18. Enforcement of Defendant Chamberlain Counterclaim would result in the unlawful restraint of trade.

19. The Defendant Chamberlain has failed to join indispensable parties required for the court to fully, completely and fairly determine his Counterclaim, and as a direct result the Petitioner-Plaintiff cannot adequately or properly defend itself.

20. Defendant Chamberlain had or reasonably should have had actual notice and knowledge-in-fact that the Trust was not capable and/or able to represent its own best interests, which he willfully and deliberately disregarded to enrich himself.

21. Defendant Chamberlain's Counterclaims failts to state his alleged damages with clarity or specificity.

22. Defendant Chamberlain acted deceptively, dishonestly and fraudulently and with unclean hands towards the Petitioner-Plaintiff.

23. Petitioner-Plaintiff the Trust lacked the legal capacity to contract at all times relevant to this lawsuit.

24. Defendant Chamberlain had a duty of cooperation towards the Petitioner-Plaintiff that he breached when he refused all cooperation with the Petitioner-Plaintiff legal representatives prior to this litigation.

25. Defendant Chamberlain conspired with other parties and persons to the disadvantage and damage of the Petitioner-Plaintiff.

Dated: September 23, 2015.            Respectfully submitted:

**THE FRITH FIRM**

/S/ TRACE L. RABERN, ESQ.
_____
GILBERT HOUSTON FRITH
TRACE L. RABERN
Attorneys for Plaintiff
119 East Marcy Street, Suite 201
Santa Fe, New Mexico 87501
(505) 982-8770

CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing pleading to be served through service of process with CM/ECF this date as well as served by US Mail as follows.

/S/ TRACE L. RABERN

Trace L. Rabern

Date: September 23, 2015.

Tim L. Fields
Marco Gonzales
Spencer Edelman
PO BOX 2168
Albuquerque, NM 87103-2168
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
*ATTORNEYS FOR LITHIA MOTORS, INC.*
*PRESUMED ATTORNEYS FOR LITHIA REAL ESTATE, INC.*

Suzanne C. Odom
Walter J. Melendres
PO BOC 2307
Santa Fe, NM 87504-2307
*ATTORNEYS FOR CHRIS CHAMBERLAIN*