IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REGINALD CULVER, individually, *et al.*,

    Plaintiffs,

v.    CIV. No. 15-669 MCA/SCY

LITHIA MOTORS, INC.,
*et al.*,
    Defendants.

## ORDER

THIS MATTER comes before the Court on Defendant Lithia Real Estate, Inc.'s (Lithia) and Defendant Chris Chamberlain and Coldwell Banker Commercial, N.W.'s motions to compel. ECF Nos. 49, 51, and 68. The Court held a hearing on these matters on April 22, 2016, and further held a status conference on the record on April 28, 2016. At the hearing and status conference, with the exception of Lithia's argument that the Court should deem several of its requests for admission admitted, the Court entered oral rulings on the motions to compel. The Court granted in part and denied in part the motions to compel filed by Defendant Lithia (ECF Nos. 49 and 68) and Defendant Chamberlain (ECF No. 51). In the present Order, for the reasons set forth below, the Court denies Defendant Lithia's motion to deem requests for admission admitted (ECF No. 68) and grants Plaintiffs' oral motion for additional time to respond to these requests for admission. Finally, the Court orders Plaintiffs to pay Defendant Lithia the reasonable attorneys' fees Defendant Lithia incurred in preparing and arguing Document 68.

As Defendant Lithia set forth at the hearing in this matter, its motion to deem requests for admission admitted concerns requests for admission 1-3, 6-8, and 10-13, as set forth on pages 7-

8 of Exhibit A to Lithia's motion. (ECF No. 68-1 at 7-8). The parties do not dispute that Plaintiffs failed to respond to Lithia's requests for admission as well as its motion to deem the requests admitted (ECF No. 68). Nor do the parties dispute that Lithia reached out to Plaintiffs prior to filing Document 68 in an attempt to obtain responses to the requests for admission. Plaintiffs advise that they failed to respond to Lithia's requests for admission and Lithia's motion to deem those requests admitted because, at the time the requests came in, they lost a paralegal, one attorney was away on a long-scheduled vacation, and the other attorney was out of the office with a serious illness. Plaintiffs further advised that they did not take action once they were back to full staff because they did not realize that, despite communications from Lithia, the requests for admission had been submitted. While the illness of one attorney that occurred simultaneous to the vacation of the other presents a sympathetic situation, at best, it only excuses a small portion of the time between January 6, 2016, when Lithia re-served its requests on Plaintiffs[1] and the months that passed thereafter with no response. Thus, whether Plaintiffs' failure to respond to the requests for admission was justified is not at issue -- it was not justified. Instead, the issue is whether the Court should, in spite of Plaintiffs' failures, grant the oral request Plaintiffs made at the hearing to allow them additional time to respond to the requests for admission.

Under Federal Rule of Civil Procedure 36(a)(3)(4) "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer . . .." However, "[a] shorter or longer time for responding . . . may be ordered by the court." Rule 36(a) does not set forth criteria a court should use in deciding whether to allow a party more than 30 days to respond. Instead, whether requests for admission should be deemed admitted after a party fails to timely respond is more often analyzed under

---

[1] Lithia first served these requests for admission on November 6, 2015 but, because the Court had only allowed limited discovery at that time, this service did not trigger Plaintiffs' time to respond.

Rule 36(b). Rule 36(b) states, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admissions to be withdrawn or amended." The Court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on its merits." Fed. R. Civ. P. 36(b).

The Tenth Circuit's decision in *Raiser v. Utah County* is instructive on the issue of when a party's negligence in failing to timely respond to requests for admission should result in facts against that party being admitted, regardless of their truth. 409 F.3d 1243 (10th Cir. 2005). As in the present case, the plaintiff in *Raiser* failed to timely respond to requests for admission. *Id*. at 1245. Soon after the responses were due, the defendant filed a notice of admissions. *Id*. Four days later, the plaintiff moved to amend the admissions or to allow the filing of late responses to the requests for admission. *Id*. While the plaintiff's motion for more time was pending, the defendant filed a motion for summary judgment which it supported with facts deemed admitted as a result of plaintiff's failure to timely answer the requests for admission. *Id*. The district court denied the motion to amend the admissions or allow an untimely response to the requests for admission and granted the defendant's motion for summary judgment. *Id*. On appeal, the Tenth Circuit determined that, in doing so, the district court committed an abuse of discretion because allowing the plaintiff to withdraw the admissions would promote resolution of the case on its merits and because the defendant failed to establish that it would be prejudiced by the withdrawal. *Id*.

Regarding the first factor set forth in Rule 36(b)—promoting presentation of the merits of the action—"the test emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the

3

merits of the case." *Raiser*, 409 F.3d at 1246 (internal quotations and citation omitted).  Here, requests numbers 2 and 13 ask Plaintiffs to concede core elements of their case.  While the other requests do not ask for admissions of such magnitude, if the facts admitted were not true, requiring their admission could undermine resolution based on the merits of the action.

Moreover, regarding the second factor, allowing Plaintiff to withdraw or amend its admissions would not severely prejudice Defendant's ability to maintain or defend the action on the merits.  Discovery is still ongoing and should Defendant need an extension of discovery deadlines, the Court would be amenable to a request for extension.  Defendant has not filed a motion for summary judgment or any other document that relies on information Defendant seeks to be admitted.  "The prejudice contemplated by Rule 36(b) . . . relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* at 1246 (internal citations and quotations omitted).  Here, allowing Plaintiffs to withdraw or amend their admissions would cause little, if any, prejudice to Defendant.

Defendant's primary argument is that Plaintiffs fail to offer a credible excuse for not responding to its requests for admission.  This is the same reason the district court provided in *Raiser* for denying that plaintiff's request to withdrawal or amend.  *Id.* at 1246-47.  There, the Tenth Circuit agreed "with the district court that no litigant should ignore deadlines established by applicable rules, and sanctions may well be appropriate." *Id.* at 1247.  Nonetheless, the Tenth Circuit stated, "more than a failure to meet deadlines is required to deny a party relief from an admission.  In ruling on a motion to grant such relief, the court's focus must be on the effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous admission." *Id.* (internal quotations and citation omitted).

Like the plaintiff in *Raiser* (who asked for an extension of time to respond as well as permission to amend their admissions), Plaintiffs in the present case are asking for an extension of time to respond to requests for admission. Although Plaintiffs in the present case are only asking for relief under Rule 36(a) rather than Rule 36(b), given the factual similarities to *Raiser*, the Court finds it appropriate to apply the analysis used in *Raiser* to the present case. The Court agrees with Defendant that Plaintiffs failed to provide a good excuse for their delay. Nonetheless, based on *Raiser,* the lack of a good excuse cannot alone justify deeming as admitted the requests for admission Defendant propounded on Plaintiff. Considering policy in favor of resolving cases on their merits and the lack of prejudice caused by Plaintiffs' delay, the Court concludes that Plaintiffs should be allowed seven days from the date of this Order to respond to Defendant's requests for admission 1-3, 6-8, and 10-13, if they have not already done so.

As a sanction for failure to comply with applicable deadlines, however, the Court orders Plaintiffs to pay Defendant Lithia the reasonable attorneys' fees it incurred in preparing and arguing Document 68.

**IT IS THEREFORE ORDERED** that

- Lithia's first motion to compel (ECF No. 49) is granted in part and denied in part consistent with the Court's oral rulings on the record.

- Chris Chamberlain and Coldwell Banker Commercial N.W.'s motion to compel (ECF No. 51) is granted in part and denied in part consistent with the Court's oral rulings on the record.

- Lithia's second motion to compel (ECF No. 68) is granted in part and denied in part consistent with the Court's oral rulings on the record in so far as it sought to compel Plaintiffs to respond to interrogatories and requests for production.

- Lithia's request to deem requests for admission 1-3, 6-8, and 10-13 is denied. Plaintiffs must, within 7 calendar days of this Order, respond to these requests for admission.

- Lithia's request for reasonable expenses in filing its second motion to compel (ECF No. 68) is granted. Lithia's counsel is hereby ordered to file an affidavit within 7 calendar days of this Order detailing the costs and fees incurred in connection with its second motion to compel. Plaintiffs must file any objections they have to this affidavit within 7 calendar days after the affidavit is filed.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE