IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REGINALD CULVER, *et al.*,

      Plaintiffs,

v.                                     Civ. No. 15-669 MCA/SCY

LITHIA MOTORS, INC., *et al.*,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before me on Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 14) and non-parties Kenneth Joseph and Office Court Companies' Motion for Protective Order or Stay Deposition, to Unseal the Pleadings, to Allow Access to Discovery Documents, and for an Award of Fees and Expenses (ECF No. 54). These matters are related because Plaintiffs' amended complaint, in part, seeks to add Kenneth Joseph and Office Court Companies. ECF No. 14 at 2. A hearing was held on these matters on April 22, 2016. ECF No. 74. During the hearing, I ordered supplemental briefing on issues pertaining to Plaintiffs' motion to amend the complaint. After having reviewed the motions, the supplemental briefing, and being otherwise fully advised, I recommend denying Kenneth Joseph and Officer Court Companies' motion for a protective order. I further recommend granting Plaintiffs' motion to amend the complaint.

## I.      BACKGROUND

Plaintiffs filed an Expedited Verified Petition for Injunctive Relief, Declaratory Judgment, and a Permanent Protective Order against Defendants Lithia Motors Inc., Lithia Real Estate Inc. (hereinafter Lithia), Chris Chamberlain, and Coldwell Banker Commercial N.W. (hereinafter Chamberlain) in the First Judicial District Court of New Mexico (State District

Court) on June 22, 2015.  ECF No. 1-1. Broadly stated, the petition sought to enjoin the sale of certain real property in Santa Fe, New Mexico, due the alleged incapacity of Reginald Culver to enter into the real estate contract and further sought damages for alleged acts by Defendants in connection with the transaction.  ECF No. 1-1.  On July 31, 2015, Defendants removed the matter to this Court pursuant to 28 U.S.C. § 1441 (diversity jurisdiction). ECF No. 1.  Lithia Real Estate, Inc. also filed its answer and counterclaims on July 31, 2015. ECF No. 2.  On September 2, 2015, Chamberlain filed its answer and counterclaims. ECF No. 8.

On September 23, 2015, Plaintiffs attempted to file an amended complaint. ECF No. 11. The clerk's office, however, marked the amended complaint "filed in error" and informed Plaintiffs' counsel that they did not seek leave of the court to file the amended complaint. ECF No. 11. Plaintiffs subsequently filed a motion for leave to file the first amended complaint on September 25, 2015. ECF No. 14. The proposed amended complaint seeks to add three additional defendants—Kenneth Joseph, Office Court Companies, and Merit Commercial Real Estate, LLC—as well as additional allegations and claims against the current and proposed additional defendants.  ECF No. 14.  Defendants timely filed responses to the motion. ECF No. 21, 24.  Plaintiffs, however, did not file a reply brief nor did they file a notice of completion of briefing once the deadline had passed for Plaintiffs to file their reply brief. D.N.M.LR-Civ.P. 7.4(e) ("Upon completion of briefing, the movant must file a notice certifying that the motion is ready for decision and identifying the motion and all related filings by date of filing and docket number."). On February 8, 2016, Kenneth Joseph and Office Court Companies filed a motion for a protective order seeking, in part, to be precluded from being added as parties to the lawsuit due to Plaintiffs' failure to file notice that the motion to amend was ripe for decision. ECF No. 54.

Subsequently, on April 6, 2016, after being ordered by the Court to do so (ECF No. 67), Plaintiffs filed notice that briefing was complete on their motion to amend.  ECF No. 73.

On April 22, 2016, I held a hearing on these matters.  ECF No. 74. I determined that due to the dispositive effect of the motion to amend, I would be required to enter proposed findings of fact and recommended disposition. I further ordered supplemental briefing in regard to issues raised in the motion to amend the complaint.  ECF Nos. 74, 75. Because Kenneth Joseph and Officer Court Companies' motion seeks to preclude them from being joined in the present suit, and effectively serves as a response to the motion to amend, I will consider this motion in conjunction with Plaintiffs' motion to amend.

## II.     KENNETH JOSEPH AND OFFICE COURT COMPANIES'  MOTION FOR A PROTECTIVE ORDER

As stated above, Kenneth Joseph and Office Court Companies (hereinafter "Movants"), seek a protective order precluding them from being added as parties in this matter due to Plaintiffs' failure to file a reply brief or notice of completion of briefing on the motion to amend. ECF No. 54 at 9. Both in briefing and at the hearing, Movants argue that this failure prejudiced them in a number of ways.  Movants contend that this failure has left them in limbo because they have been subjected to subpoena requests for information and documents, as well as attempts to schedule Mr. Joseph's deposition, without the benefit of being granted access to discovery previously exchanged by the parties.  ECF No. 8.  Movants additionally argued at the hearing that because the Court was not noticed that the motion to amend was ripe for decision, the Court did not rule on the motion. Thus, Movants were not made part of the case and were denied an opportunity to attend and participate in Mr. Culver's deposition because they did not receive notice of it. Motion Hearing 4/22/16 (Mtn. Hr'g) 18:00; 37:10; 39:05.[1]

---

[1] References to the 4/22/16 motion hearing refer to the FTR Hondo recording of the hearing.

As an initial matter, Movants have identified no specific precedent that a court may issue a protective order precluding the addition of individuals to a suit as a remedy for a party's failure to file a notice of completion of briefing.  My research has similarly not produced support for such an extreme remedy in this context, nor does my review of Movants' authorities lead me beyond the conclusion that a court generally has discretion in crafting remedies in response to the failure to abide by procedural rules. *See Hanson v. City of Oklahoma City*, 37 F.3d 1509, 1994 WL 551336, *2 (10th Cir. 1994) (unpublished) ("In supervising the court, a judge is constantly making case-management oriented decisions which are, of necessity, discretionary.").[2] In fact, a court's discretion in crafting remedies for the violation of this District's local rules is embodied in the local rules themselves. *See* D.N.M.LR-Civ. 1.7 ("These rules may be waived by a Judge to avoid injustice.").

Further, while I recognize that a court may enter a protective order where good cause is shown to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense," Fed.R.Civ.P. 26(c)(1), the preclusion of a party from the litigation is not one of the listed subject matters of a protective order. *See id.*   Perhaps in recognition of this, Movants argued at the hearing that Fed.R.Civ.P. 41(b) also provides a basis for their requested relief. Mtn. Hr'g 40:40. However, even assuming that the failure to file a notice of completion of briefing could constitute a failure to prosecute sufficient to justify dismissal as a sanction, Rule 41(b) permits a *defendant* to move for dismissal due to a plaintiff's failure to prosecute the case. This

---

[2] My proposed findings and recommended disposition relies upon *Hanson* and other unpublished opinions in analyzing the issues presented. A court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. *See* 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005). I find that these unpublished opinions have persuasive value with respect to a material issue, and will assist my analyses the disposition of this case.

rule does not provide the means for a non-party to move for its preclusion from the suit prior to

being joined. The case Movants cited at the hearing regarding Rule 41 does not state otherwise.[3]

Further, even if a procedural avenue existed to arrive at the relief Movants request,

Plaintiffs' conduct in this case, while dilatory, does not warrant the extreme remedy Movants

seek.  The local rules actually address the situation in which a party fails to file a reply brief and

notice of completion of briefing.  D.N.M.LR-Civ. 7.1(b) provides that "[t]he failure to file and

serve a reply in support of a motion within the time prescribed for doing so constitutes consent

that briefing on the motion is complete." This provision presumes a situation in which a notice of

completion of briefing was also not filed otherwise the rule would be a superfluous. The thrust of

this provision is that the court will deem a motion ripe for decision at the end of the briefing

period despite a party's failure to file a reply and notice of completion of briefing. While I

understand that this rule would likely be invoked in situations where a court rules on the motion

in the absence of a reply brief, this provision is instructive in determining the type of remedy that

is proportionate to a party's failure to file a reply brief or notice of completion of briefing.[4] Here,

the punishment Movants seek does not fit the crime.

First, Movants cannot establish a causal connection between the failure to file a notice of

completion of briefing and the prejudice asserted.  That is to say that while a notice of

completion of briefing serves to alert the Court that a motion is ripe for decision, it does not

entitle the parties to a resolution of the motion by a specific deadline.  If it did operate to provide

a concrete assurance that a fully briefed motion would be decided within a specific timeframe it

---

[3] To the extent that the other authorities cited by Movants at the hearing on this point provide support for a court's discretion to deny an untimely motion to amend, *see e.g.*, *Viernow v. Euripides Development Corp.*, 157 F.3d 785, 799-800 (10th Cir. 1998), I reject the premise of Movants' citation to these authorities. That is, despite Movants' assertion, there is a distinct difference between filing an untimely motion to amend and an untimely notice of completion of briefing.

[4] This does not mean, of course, that a party's failure to comply with local rules should be condoned.  In some circumstances, a party's repeated failure to file notices of completion of briefing could result in a more severe penalty than the presumption by the court that briefing on the motion is complete.

would be possible to gauge Plaintiffs' failure to file the notice of completion of briefing against Movants' allegations of prejudice to determine whether *but for* Plaintiffs' conduct the alleged harm could have been avoided.  But that is not the case. For example, Movants argue that they were prejudiced by not receiving notice or being able to attend Mr. Culver's deposition.  It appears from the record that Mr. Culver's deposition took place on November 19-20, 2015 (ECF No. 31).  Given Local Rule 7.1(b), discussed above, the motion to amend would have been considered ripe on approximately October 23, 2015.  It is pure speculation on Movants' part, however, to assert that had a timely notice of completion of briefing been filed that the motion to amend would have been ruled on within this limited timeframe.  Movants' argument of prejudice is also undermined by the fact that Mr. Culver's deposition was videotaped, is available to Movants, and appears to have been of little value given his dementia.  To the extent Movants would like to ask Mr. Culver questions not already asked, Mr. Culver remains available for Movants to depose if Plaintiffs' motion to amend to add them as parties is granted.

Second, while the motion to amend has been pending, steps have been taken to account for the possibility of Movants later becoming defendants.  For instance, at the scheduling conference, the parties were requested by the Court to prioritize discovery requests in consideration of the potential addition of Movants to the case. ECF No. 41. It further appears that a majority of the discovery that has taken place up to this point has been written discovery and, with the exception of Mr. Culver, Movants have been notified and have attended other depositions in the case.  Finally, Movants' counsel attended the status conference on March 17, 2016, wherein I ordered that discovery related to Mr. Joseph, including his deposition, should be stayed pending a hearing on the present motion and efforts were discussed with the parties to provide Movants with discovery previously exchanged in the case. At the hearing, Movants'

counsel indicated that Movants have subsequently obtained the written discovery exchanged between the parties. Mtn. Hr'g 34:00-35:10.  Thus, while I understand the inconvenience—and indeed frustration—caused to Movants by their indeterminate status in the litigation due to the outstanding motion to amend, Movants' plight has been increasingly acknowledged and accounted for, to the extent possible, pending resolution of the motion to amend.

Ultimately, I do not agree with Movants' assertions that Plaintiffs' failure to file the notice of completion of briefing has been an intentional attempt to keep Movants in limbo in order to capitalize on Movants' indeterminate status in the litigation.  Plaintiffs acknowledge they were negligent in failing to file a notice of completion of briefing on their motion to amend. Movants, however, ask the Court to take too large an inferential step to bridge the gap between Plaintiffs' negligence and Movants' allegations that Plaintiffs' failures were part of a grand scheme to place Movants "under the sword of Damocles" (ECF No. 54 at 12).  Moreover, the Court finds it unlikely that Plaintiffs would devise such a plan when the linchpin for its success is out of Plaintiffs' control—choosing not to file a motion of completion of briefing does not preclude the Court from ruling on a pending motion. *See* Local Rule 7.1(b).

Granted, in repeatedly failing to comply with deadlines (including the Court's explicit deadline to file a notice of completion of briefing), Plaintiffs have fallen below the standard the Court expects of litigants appearing before it. Even in light of these failures, however, neither legal authority nor the prejudice asserted by Movants justifies the relief requested.  A strong preference exists in favor of deciding cases on their merits.  "Courts require a sufficient basis for denial of leave to amend because the purpose of pleading under the Federal Rules of Civil Procedure is 'to facilitate a proper decision on the merits,' not to set the stage for 'a game of skill in which one misstep by counsel may be decisive to the outcome.'" *Williams v. Savage*, 569

F.Supp.2d 99, 105 (quoting *Forman v. Davis*, 371 U.S. 178, 181-82 (1962)); *see also Nolan v. U.S. Dep't of Justice*, 973 F.2d 843 (10th Cir. 1992) (indicating preference for deciding cases on their merits).  Movants argue that, because Plaintiffs could still sue them in state court, granting their motion would not prevent adjudication of any claims Plaintiffs have against them.  While it is true that Plaintiffs could sue Movants in state court, the case against Movants arises from the same common nucleus of facts as the case against Defendants and it would be incredibly inefficient to have the action proceed against Defendants in federal court while an overlapping action proceeds against Movants in state court.  Indeed, the primary argument Movants makes to support their claim of prejudice is that they did not have the opportunity to take part in the deposition of Mr. Culver.  If Plaintiffs are required to file a separate action against Movants in state court while the current action against Defendants proceeds in federal court, Movants will be excluded from many more future depositions.  Simply put, it makes sense for Movants to be in the same case as Defendants. Thus, I recommend denying Movants' request for a protective order precluding their addition as parties to this suit.

### III.    MOTION TO AMEND

As discussed above, Plaintiffs initially attempted to file their first amended complaint as a matter of course under Rule 15(a)(1) but were instructed by the clerk's office that they had to proceed under Rule 15(a)(2). ECF No. 11. Plaintiffs thereafter filed their motion for leave to file the first amended complaint. ECF No. 14. The proposed amended complaint sought to join additional non-diverse defendants, as well as add new allegations and claims against the current and potentially new Defendants.  ECF No. 14-1.

Due to the timing and subject matter of the proposed amended complaint, Plaintiffs' proposed amendments implicate concerns beyond the basic principles of Rule 15. This is because

the determination of whether a proposed amendment  that seeks to join a non-diverse

defendant—and thereby destroy diversity jurisdiction—should be allowed is not governed by

Rule 15 but is instead governed by 28 U.S.C. 1447(e). *See Mayes v. Rapoport*, 198 F.3d 457, 462

(10th Cir. 1999) ("When a plaintiff seeks to join a nondiverse defendant after the case has been

removed, the district court's analysis begins with 28 U.S.C. § 1447(e)[.])."  But because Section

1447(e) is only concerned with the joinder of non-diverse parties post-removal, it is applicable

only in so far as the proposed amended complaint seeks to join non-diverse parties. In other

words, a court's review of proposed amendments containing new allegations regarding current

defendants is still governed by Rule 15. Thus, the following analysis will consider proposed

amendments that relate to the addition of the non-diverse Defendants separately from proposed

amendments that do not affect jurisdiction.

### A.  Joinder of Non-Diverse Defendants

As noted above, the issue of whether to permit Plaintiffs to amend their complaint to join

non-diverse defendants is governed by 28 U.S.C. 1447(e).  This provision states, "If after

removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

matter jurisdiction, the court may deny joinder, or permit joinder and remand the action the State

court."  The Tenth Circuit has indicated in dicta that if the court concludes that an individual

sought to be joined is an indispensable party under Fed.R.Civ.P. 19, the court must either permit

joinder and remand the case or deny joinder and dismiss the action.  *McPhail v. Deere & Co.*,

529 F.3d 947, 951 (10th Cir. 2008). Other circuits, however, have held that the analysis under

Section 1447(e) is discretionary and not controlled by Rule 19.  *See Mayes*, 198 F.3d at 462

("Under Section 1447(e), the actual decision on whether or not to permit joinder of a

defendant…is committed to the sound discretion of the district court; thus, this decision is not

controlled by a Rule 19 analysis."); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (stating that this determination is not controlled by a rigid distinction between indispensable and permissive parties and that the court should use its discretion in determining whether to allow the potential party to be added). Indeed, the Tenth Circuit also recognized in *McPhail* that a court still has discretion to permit joinder in lieu of Rule 19. 529 F.3d at 951-52 ("If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court."). For these reasons, I will analyze this issue under the discretionary authority to permit joinder, and not whether these potential parties are indispensable under Rule 19.

In exercising discretion under Rule 20, both the Tenth Circuit and other circuits have discussed various relevant factors to consider. In *McPhail*, the Tenth Circuit stated that a court should consider "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, and whether it was offered in good faith." 529 F.3d at 952. Other relevant factors include "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182; *Mayes*, 198 F.3d at 462.

In consideration of these factors, I recommend concluding that Plaintiffs' motion to amend to join the non-diverse defendants be granted. First, contrary to Lithia's argument, it can hardly be contended that the basis of the claims against these additional defendants are factually distinct. ECF No. 82 at 11. Simply stated, the claims arise out of the same transaction and set of facts forming the basis of Plaintiffs' claims against the current Defendants. In fact, the allegations, at least in regard to Ken Joseph, do not relate to tangential conduct but instead place Joseph at the center of efforts to misrepresent the transaction to Mr. Culver. Further, Lithia's

argument on this point relates to arguments at the hearing that Plaintiffs will not be prejudiced by denying their motion to amend in regard to these non-diverse defendants because Plaintiffs could pursue these claims separately in state court. However, this actually weighs in favor of granting the motion. *See Hensgens*, 833 F.2d at 1182 (stating that parallel federal/state proceedings weighs in favor of permitting joinder because of the "inherent dangers of inconsistent results and the waste of judicial resources."); *Mayes*, 198 F.3d at 463 (indicating that one factor in favor of joinder is the "danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources" (internal quotation marks and citation omitted).

Second, Plaintiffs' counsel represent that upon obtaining Plaintiffs' previous counsel's files, Plaintiffs' counsel discovered the relevant documents that led to the proposed amendments. ECF No. 14. According to Plaintiffs' counsel, they obtained these documents within approximately two months of filing the initial complaint and they subsequently sought to amend the complaint approximately one month after receiving these documents. ECF No. 14. Indeed, Plaintiffs' attempted to file their amended complaint within the timeframe permitted to amend as a matter of course against Defendant Chamberlain. This timeline stands in contrast to Lithia's reliance on *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182 (10th Cir. 1990). In *Far West Bank*, the Tenth Circuit affirmed the denial of a motion to amend due the untimeliness of the proposed amendment which was sought "a year and a half after the complaint was filed, 9 months after partial summary judgment was entered and only a few months before the case was scheduled for trial[.]" *Id.* at 1185. In the present case, a three month difference between the original complaint and the proposed amended complaint hardly raises untimeliness issues on par with *Far West Bank*. Accordingly, given this timeline, and the nature of the

proposed amendments discussed above, I cannot find that Plaintiffs' amended complaint was unduly or inexplicably delayed or offered in bad faith to defeat diversity jurisdiction.

Finally, similar to the reasons stated above in regard to Movants' arguments, I am unpersuaded by Lithia's claims of prejudice. ECF No. 82 at 12. These points are largely directed toward issues that arose because the motion to amend had not been resolved.  As I found above, the causal connection between Plaintiffs' failure to file a timely notice of completion of briefing and the harms Defendants assert they have suffered is tenuous.  Further, attempts have been made during the litigation to mitigate any prejudice that was accruing while the motion was outstanding.  Accordingly, for the above stated reasons, I recommend granting Plaintiffs' motion to amend in so far as it requests to join additional defendants.[5]

## B. Plaintiffs' Proposed Amendments Against Current Defendants

Plaintiffs' proposed amended complaint alleged a number of new claims regarding Defendant Lithia and Defendants Chris Chamberlain and Coldwell Banker. Broadly speaking, these new claims were in regard to Chris Chamberlain's dealings, as an agent of Lithia, with Ken Joseph, the broker for the revocable trust.  ECF No. 14. This includes claims that Defendants colluded to "flip" the property at issue upon conclusion of the sale and sell half of it to a competing buyer.  Defendants object to the proposed amended complaint on the basis that it fails to state a claim against Defendants and is accordingly futile.  ECF Nos. 21, 24.

As an initial matter, I recommend concluding that Defendant Chamberlain has no basis to object to Plaintiffs' proposed amended complaint.  "[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend." *Galustian v.*

---

[5] Movants' request to stay the deposition of Ken Joseph, to unseal the pleadings, and to allow access to discovery documents will become moot if my recommendation to grant Plaintiffs' Motion to Amend  to add new parties is adopted.  Thus, to the extent I have not already addressed Movants' request during hearings on this matter, I defer doing so until Chief Judge Armijo rules on my Proposed Findings and Recommended Disposition.

*Peter*, 591 F.3d 724, 730 (4th Cir. 2010); *see also Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) ("When the plaintiff has the right to file an amended complaint *as a matter of course*, however, the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility.").  The issue then is whether Plaintiffs could amend as a matter of course against Defendant Chamberlain.

Before Rule 15(a)(1) was amended in 2009, when the filing of a responsive pleading terminated the right to amend as a matter of course, courts routinely held that "[i]f the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." *Williams*, 477 F.3d at 1291; *Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 309 (D.D.C. 2003) (same).  Subsequent to the amendment of Rule 15(a)(1), this principle has generally been revised by courts to accommodate for the twenty-one day period following the filing of a responsive pleading in which a plaintiff may still amend its complaint.  Thus, "where there are multiple defendants, and this twenty-one day period has expired as to some defendants but not others, the plaintiff may amend the complaint as a matter of course as to those defendants for whom the twenty-one day period has not yet expired." *Hylton v. Anytime Towing*, No. 11-1039, 2012 WL 1019829 (S.D. Cal. March 26, 2012) (unpublished); *see also Jackson v. WCM Mortg. Corp.*, 2013 WL 3967110, * 4 (W.D. Tenn. July 31, 2013) ("After the 2009 Amendments to Rule 15(a)(1), if only some defendants file responsive pleadings, plaintiff still should be governed by the 21-day amendment period in Rule 15(a)(1)(A) for pleading amendments regarding the nonresponding defendants." (internal quotations marks and citation omiited)) (unpublished).

In the present case, Defendant Chamberlain filed its answer to Plaintiffs' complaint on September 2, 2015. ECF No. 8. Plaintiffs initially attempted to file their first amended complaint on September 23, 2015, but were not permitted to do so by the clerk's office because the clerk's office determined that Plaintiffs were required to seek leave of the Court. ECF No. 11. Thereafter, Plaintiffs filed their motion for leave to file the amended complaint on September 25, 2015.  ECF No. 14. Defendant Chamberlain argues that Plaintiffs cannot amend as a matter of course against them because Plaintiffs' motion was not filed until September 25th.  I find this argument unpersuasive because Plaintiffs did attempt to file their amended complaint within the twenty-one day period. This argument would essentially penalize Plaintiffs for the clerk's office's erroneous determination that Plaintiffs could not amend as a matter of course as to Defendants Chamberlain and Coldwell Banker. *Cf. Williams*, 477 F.3d at 1291-92 (concluding that the district court erred in rejecting certain amendments to the plaintiff's amended complaint on futility grounds where the plaintiff had the right to amend as a matter of course despite the clerk's office refusal to file plaintiff's amended complaint without leave of the court or the opposing parties' consent pursuant to Rule 15(a)(2)). Accordingly, I recommend concluding that Plaintiffs could file their amended complaint as a matter of course against Chamberlain and, consequently, Chamberlain has no basis to challenge the futility of the proposed amendments.

Given my proposed disposition of both Plaintiffs' motion to amend to join the non-diverse Defendants and the motion in regard to the amended allegations against Chamberlain, I recommend rejecting Lithia's remaining arguments opposing Plaintiffs' motion to amend.  Lithia argues that the proposed amendments are futile because the amended complaint fails to state a cause of action against Lithia Motors. ECF No. 21. Further, in regard to Lithia Real Estate, Lithia argues that Plaintiffs' claims for damages fail to allege any contact between Lithia Real

Estate or its agents and Mr. Culver or that Lithia Real Estate owed any duties to the Culver Revocable Trust. ECF No. 21.

Rule 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires."  Given the general permissiveness with which courts view motions to amend, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  A court may deny a motion to amend on the basis of futility if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted. *Stewart v. Bd. of Cnty Comm'rs for Shawnee County, Kansas*, 216 F.R.D. 662, 664 (D. Ks. 2003).  When determining whether an amendment is futile, the court analyzes the proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Id.* However, "[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper." *Id.* (internal quotation marks and citation omitted). "The party opposing the proposed amendment bears the burden of establishing its futility." *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 661 (D. Ks. 2014).  Ultimately, the court's decision to permit or deny the proposed amendment is discretionary. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

The general substance of Plaintiffs' proposed amendments relate to allegations that Lithia, mostly through Chamberlain, worked with Mr. Joseph to conceal from Plaintiffs their plan to the flip a portion of the property to another prospective buyer immediately after closing. ECF No. 14-1.  Plaintiffs connect both Lithia Motors and Lithia Real Estate to this transaction through allegations that Chris Chamberlain "was acting as an agent of Lithia Real Estate and

Lithia Motors in their efforts to purchase [the property]."  ECF No. 14-1 at ¶ 7.  Lithia's

arguments do not specifically address the proposed amendments regarding this theory, but

instead, as noted above, are more generally directed toward the threshold determination of

whether Plaintiffs could plausibly state a claim against Lithia Motors and Lithia Real Estate for

damages.

     One problem with Lithia's argument is that, regardless of whether the Court grants or

denies the motion to amend, the claims against Lithia—which Plaintiffs asserted in their original

complaint—will still be pending.  That is to say, while the review of a motion to amend on

futility grounds utilizes a standard similar to a 12(b)(6) motion, the effect of denying the motion

to amend does not operate as a dismissal of the underlying claims against these Defendants in the

original complaint. *Cf. Bauchman for Bauchman v. West High School*, 132 F.3d 542, 561-62

(10th Cir. 1997) (concluding that district court's finding that the plaintiff's amended complaint

'would be subject to dismissal under a motion for summary judgment' did not convert the district

court's analysis into a ruling on summary judgment but instead merely provided a basis for the

district court's application of the futility doctrine."). What Lithia is essentially requesting is not

necessarily just a denial of Plaintiffs' motion to amend, but an affirmative order barring

Plaintiffs' amended complaint from including claims for damages against Lithia. In such a

situation, where a defendant's arguments regarding futility are applicable to both the original or

amended claims, it appears to me more appropriate to address the defendant's general

contentions through an actual motion to dismiss.

     Such a resolution seems additionally appropriate here for three reasons. First, as I

recommended above, Plaintiffs should be permitted to amend their complaint as a matter of

course to add the factual allegations regarding Chamberlain's conduct during the transaction. In

the original and proposed amended complaint, each count alleged against Chamberlain is also alleged against the Lithia Defendants under the theory that Chamberlain acted as an agent for both of these companies. Thus, it would be difficult to permit amendments bearing on Chamberlain's conduct as to Chamberlain but not to Lithia.  Second, except for a change as to which paragraphs are incorporated by reference in the various counts, Plaintiffs' proposed amendments occur in the body of the proposed complaint preceding the various counts.  These amendments are incorporated by reference in the non-damages related counts that Lithia is not challenging as futile.  Therefore, regardless of whether some of Plaintiffs' counts will or will not survive a motion to dismiss, the proposed amendments would still become a part of the complaint because they are incorporated in the counts that Lithia is not challenging as futile.

Third, Lithia actually has filed a motion to dismiss the original complaint on the same basis that is currently pending before the Court. ECF No. 28.  In fact, portions of that motion to dismiss are virtually identical to Lithia's response to Plaintiffs' motion to amend.  Lithia acknowledges as much and argues that, because the futility argument and dismissal argument must both be decided with reference to Rule 12(b)(6), they should be decided together.  While I would agree with Lithia's argument if this matter were to remain in federal court, I have recommended that Plaintiffs' motion to amend to add non-diverse defendants be granted and that this case be remanded.  My view is that it is more appropriate for the court obtaining ultimate jurisdiction over the case to resolve dispositive issues, such as those raised in the motion to dismiss. Granting Plaintiffs' motion to amend and remanding this case will allow for a full determination of the viability of Lithia's contentions in one decision by the court that will ultimately take jurisdiction over this case.

Because the majority of Plaintiffs' proposed amendments should be allowed regardless of the potential that some of Plaintiffs' claims might fail to state a claim, Lithia's futility arguments have no impact on these proposed changes. Further, while the futility doctrine can in some circumstances justify denial of a motion to amend, it does not compel it. Ultimately, the Court's decision is discretionary and, for the above stated reasons, I recommend granting Plaintiffs' motion to amend.

## IV.   CONCLUSION

For the reasons discussed above, I recommend denying Movants' motion for a protective order (ECF No. 54), including Movants' request for fees and costs associated with the motion. I further recommend granting Plaintiffs' motion to amend the complaint (ECF No. 14) and remanding this action to State court.

UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---